UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

MANUEL BARAJAS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

Case No. 1:05-CV-202
(Criminal Case No. 1:03-CR-44)

HON. GORDON J. QUIST

## MEMORANDUM ORDER

This Court has before it Manuel Barajas' ("Petitioner") motion for reconsideration of this Court's Order of April 1, 2005, denying Petitioner's motion to vacate, set aside, or correct sentence.

To prevail on a motion for reconsideration, the movant must "not only demonstrate a palpable defect by which the Court and the parties have been mislead [sic], but [must] also show that a different disposition of the case must result from a correction thereof." W.D. Mich. LCivR 7.4(a). Moreover, a motion for reconsideration may not be used to raise issues that could have been raised in the previous motion, *Kohl v. Murphy*, 767 F. Supp. 895, 904 (N.D. Ill. 1991), or "to introduce evidence which could have been proffered during the pendency of a summary judgment motion." *Thomas Indus., Inc. v. Wagner Spray Tech Corp.*, 619 F. Supp. 1280, 1284 (E.D. Wis. 1985); *see Indep. Petroleum Ass'n of Am. v. Babbitt*, 178 F.R.D. 323, 327 (D.D.C. 1998).

Petitioner claims that the Court's opinion was in error in citing *Shepard v. United States*, 125 S. Ct. 1254 (2005). Petitioner further claims that this Court should not have followed *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219 (1998), because it was wrongly decided.

Petitioner claims that his constitutional right was violated "because he was not informed by his guilty plea to the offense in the indictment of the enhancement provision." (Pet'r's Br. Supp. Mot. at 4.)

The Court concludes that Petitioner fails to demonstrate the existence of a palpable defect by which the Court has been misled. First, the holding of *Shepard* does not apply to the instant case because the facts are different. In *Shepard*, after Shepard pled guilty to being a felon in possession of a firearm, the government sought to increase the sentence from a 37-month maximum to the 15-year minimum that the Armed Career Criminal Act mandates for such felons who have three prior convictions of violent felonies or drug offenses. The issue was "whether a sentencing court can look to police reports or complaint applications to determine whether an earlier guilty plea necessarily admitted, and supported a conviction for, generic burglary," and the Court held that the sentencing court may not do so. *Shepard*, 125 S. Ct. at 1257. On the other hand, in the instant case, Petitioner was charged with illegally re-entering the United States after deportation subsequent to a conviction of an aggravated felony. There are no police reports, complaint applications, or any admission or conviction of generic burglary involved. Second, contrary to Petitioner's contention, *Almendarez-Torres* is still good law after *Shepard.* Justice Thomas states in his concurring opinion that "*Almendarez-Torres*, like *Taylor*, has been eroded by this Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that *Almendarez-Torres* was wrongly decided." *Shepard*, 125 S. Ct. at 1264. However, Justice Thomas' opinion is not the holding of *Shepard* because it is a concurring opinion. The Court in *Almendarez-Torres* held that recidivism should be treated as a sentencing factor determined by the judge, rather than as a substantive element of the offense determined by the jury. *Almendarez-Torres*, 523 U.S. at 241, 118 S. Ct. at 1229. Any question about what law this Court should follow on this point was settled in *United States v.*

*Bradley*, 400 F.3d 459 (6th Cir. 2005) wherein the Sixth Circuit held that prior convictions "need not be charged and proved before a jury."

This Court properly enhanced Petitioner's sentence based on his prior conviction.

Therefore, **IT IS HEREBY ORDERED** that Petitioner's Rule 59(e) Motion For Reconsideration (docket no. 6) is **DENIED.**


Dated:  May 19, 2005                             /s/ Gordon J. Quist
                                                                 GORDON J. QUIST
                                            UNITED STATES DISTRICT JUDGE